UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TRACEY LEBBY,

                Plaintiff,

      - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-4760 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Tracey Lebby ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA") that denied Plaintiff benefits. After the parties filed cross-motions for judgment on the pleadings, the Court granted Plaintiff's motion and remanded this matter to the SSA, where Plaintiff was awarded roughly $105,668 in past-due benefits. Plaintiff's counsel, Charles E. Binder, Esq. of Law Office of Charles E. Binder and Harry J. Binder, LLP, now moves for $26,417 in attorney's fees pursuant to 42 U.S.C. § 406(b).[1] For the reasons explained below, Mr. Binder's motion is granted.

## BACKGROUND

After Plaintiff's claims for benefits were denied by the SSA, she requested a hearing before an Administrative Law Judge ("ALJ") on August 7, 2017. (Dkt. 25, ¶ 1.) On November 13, 2017, Plaintiff retained Charles E. Binder to represent her. (*Id.*; Dkt. 24, at 3.) Shortly after an ALJ issued a decision finding that Plaintiff was not disabled and the SSA Appeals Council denied her request for review of the ALJ's decision, Mr. Binder filed this case on Plaintiff's behalf on October 5, 2020. (*See* Dkt. 1.) After the parties filed cross-motions for judgment on the pleadings, the

---

[1] Plaintiff's counsel does not request costs, only attorney's fees.

Court granted Plaintiff's motion and remanded to the SSA for further proceedings. (*See* Dkt. 20, at 20.) This Court then awarded Plaintiff $6,821.26 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on May 4, 2022. (*See* Dkt. 22; 5/4/2022 Docket Order.)

On June 10, 2023, the SSA mailed Plaintiff a Notice of Award letter informing her that she would receive approximately $105,668 in past-due benefits, with 25% ($26,417) withheld as possible fees for her attorney. (*See* Dkt. 25-1, Ex. C, at ECF[2] 7, 9.)[3]

By motion filed on June 23, 2023, Mr. Binder now seeks $26,417 for work performed before this Court. (Dkt. 23.) Along with his motion, Mr. Binder submitted an affidavit with attachments, including: 1) a 25% contingency-fee agreement (Dkt. 25-1, Ex. A, at ECF 2); 2) itemized time records, indicating that two attorneys from his law firm spent a total of 31.2 hours litigating this matter before this Court (Dkt. 25-1, Ex. B); and 3) the aforementioned Notice of Award (Dkt. 25-1, Ex. C). Mr. Binder's request amounts to an effective rate of $846.69 per hour (31.2 hours of work for $26,417). The SSA filed a response to Mr. Binder's motion for attorney's fees on July 10, 2023. (*See* Dkt. 26.) In their "limited role as a trustee," the SSA contends that Mr. Binder's attorney's fees motion is timely and in line with the operative contingency-fee agreement, and that they are unaware of fraud or overreaching, but "defer[] to the Court" as to whether the requested fee is reasonable. (*Id.* at 1–3.)

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[3] The letter does not state the exact amount of past-due benefits awarded, but notes that the SSA "usually" withholds 25% for potential attorney's fees and, in this case, was withholding $26,417. (*See* Dkt. 25-1, Ex. C, at ECF 9.)

2

**DISCUSSION**

**I.      Timeliness**

Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period proscribed by Rule 54(d) of the Federal Rules of Civil Procedure. *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019). The 14-day period begins to run from when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing." *Id.* at 87–89 & n.5. Furthermore, under Rule 54(d), "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89. Here, Mr. Binder received the notice of benefits award on or after June 10, 2023 (Dkt. 25-1, Ex. C), and filed the present motion on June 23, 2023 (Dkt. 23). The motion is thus timely filed.

**II.     Reasonableness of the Requested Fee**

   **A.      Legal Standard**

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness. *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider (1) "the character of the representation and the results the representative achieved," (2) whether counsel was responsible for a delay, unjustly allowing counsel to obtain a percentage of additional past-due

3

benefits,[4] and (3) whether the requested amount is so large in comparison to the time that counsel spent on the case "as to be a windfall to the attorney." *Id.* at 849 & n.2, 853.

To analyze the third factor, *i.e.*, whether a fee would constitute a "windfall," the Second Circuit has instructed courts to "consider more than the *de facto* hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854. Specifically, courts should also consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–56. The court further warned that "the windfall factor does *not* constitute a way of reintroducing the lodestar method[,]" thus "indicat[ing] the limits of the windfall factor." *Id*. at 854 (emphasis in original). Ultimately, a district court may reduce the amount called for in the contingency-fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above. *Id.* at 852–53 (approving attorney fee award that amounted to an effective hourly rate of $1,556.98) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).

---

[4] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand. *See Fields*, 24 F.4th at 849 n.2 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake. Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery. [W]here the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court." (internal quotation marks and citation omitted)).

In addition, if fee awards are made to a claimant's attorney under both the EAJA and Section 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); *Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (citing *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at *4 (N.D.N.Y. July 10, 2009)).

**B.    Application**

Here, Plaintiff retained Mr. Binder pursuant to a 25% contingency-fee agreement. (Dkt. 25-1, Ex. A, at ECF 2.) There are no allegations of fraud or overreaching with respect to the retainer agreement. Mr. Binder seeks the full 25% of Plaintiff's past-due benefits. At 31.2 hours of work, this is an effective hourly rate of $846.69. For the reasons explained below, the Court does not find that amount to be unreasonable in the context of this case.

To determine reasonableness, the Court considers "the character of the representation and the results the representative achieved." *Fields*, 24 F.4th at 849. Here, the Court notes that counsel's briefing identified the grounds on which this Court ultimately remanded and led to a favorable decision from the SSA on remand. Accordingly, this factor weighs in favor of granting the requested award.

Second, the Court must determine whether counsel was responsible for unreasonable delays. *Id*. Here, the Court notes that Mr. Binder requested one 30-day extension to file Plaintiff's motion for judgment on the pleadings. (*See* Dkt. 12.) The Court does not consider this request to

constitute an undue delay given that it was a single request of a reasonable length that Plaintiff's counsel subsequently met.

The third consideration with respect to reasonableness is whether the requested amount constitutes a "windfall." *Fields*, 24 F.4th at 849. The Court analyzes four factors in determining whether a requested amount qualifies as a windfall. *Id.* at 854–56.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," the Court believes that 31.2 hours was a reasonable amount of time to spend on this matter. In *Fields*, the Second Circuit found that 25.8 hours reviewing an 863-page transcript, drafting a 19-page brief, and then obtaining a stipulation of dismissal demonstrated particular efficiency. 24 F.4th at 854 (noting that "other lawyers might reasonably have taken twice as much time" to do the same work). Here, the transcript was 615 pages (Dkt. 10), the opening brief was 21 pages (Dkt. 14), and Plaintiff's counsel additionally drafted a reply brief (Dkt. 19). Furthermore, the opening brief evinced an assiduous review by Plaintiff's counsel of the record that revealed grounds for remand. (*See* Dkt. 14, at 8–21.) The Court therefore finds that this factor supports granting the requested award.

Second, with respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level," *Fields*, 24 F.4th at 855, the Court notes that Mr. Binder represented Plaintiff in front of the SSA before filing this suit. In *Fields*, plaintiff's counsel had represented the plaintiff from the start of the agency proceedings, including four separate hearings before ALJs and multiple petitions to the SSA Appeals Council, further enabling plaintiff's counsel to efficiently brief its arguments before the district court, and distinguishing the case from some other cases that had found a windfall. *See id.* Here, Mr. Binder represented Plaintiff in her hearing and appeal in front of the SSA before this case was filed (Dkt.

6

24, at 3; Dkt. 25, ¶ 1), and therefore, as in *Fields*, counsel had familiarity with the case, which enabled him to be more efficient in briefing this matter before this Court. *See Fields*, 24 F.4th at 855.

Third, the Court presumes that Plaintiff is satisfied with receiving the past-due benefits that she sought; there is no evidence in the record to the contrary, and Mr. Binder caused only one relatively brief delay. *See Vomero v. Comm'r of Soc. Sec.*, 19-CV-5799 (PKC), 2022 WL 2918330, at *3 (E.D.N.Y. July 25, 2022) (finding no downward adjustment on the third "windfall" factor was required where there was "only one brief delay"); *Daniels v. Comm'r of Soc. Sec.*, 20-CV-430 (PKC), 2022 WL 2918236, at *3 (E.D.N.Y. July 25, 2022) (same). Therefore, the third factor does not warrant any downward adjustment.

Lastly, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the Court notes that this case was not as uncertain as the case underlying *Fields*, where the SSA denied benefits even after the first remand by the district court. *See Fields*, 24 F.4th at 850. However, given the initial denial by the SSA, the award of benefits certainly was not guaranteed. The Court therefore does not find that this factor justifies a downward adjustment.

Based on an analysis of the factors above, the Court finds the requested amount of attorney's fees to be reasonable.

## CONCLUSION

For the reasons explained above, the pending motion for attorney's fees under 42 U.S.C. § 406(b) is granted and Charles E. Binder is awarded $26,417. Upon receipt of this award from the government, Mr. Binder shall promptly refund Plaintiff $6,821.26, which represents the EAJA fees already received by counsel. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 7, 2024
      Brooklyn, New York